1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   STEVEN L. OWENS,                    )        No. C 15-0361 RMW (PR)
                                         )
12              Petitioner,              )        ORDER GRANTING MOTION
                                         )        FOR RECONSIDERATION;
13        v.                             )        RE-OPENING CASE; ORDER
                                         )        OF DISMISSAL
14   JENNIFER SHAFFER,                   )
                                         )
15              Respondent.              )
     _____)
16

17        On January 26, 2015, petitioner, a state prisoner proceeding pro se, filed a writ of habeas

18   corpus challenging decisions of the Board of Parole Hearings, pursuant to 28 U.S.C. § 2254.  On

19   March 11, 2015, the court dismissed this action for failure to timely file a completed application

20   to proceed in forma pauperis or pay the filing fee.  That same day, petitioner filed the $5.00

21   filing fee.  Accordingly, petitioner's motion for reconsideration is GRANTED.  The court re-

22   opens this case.  However, for the reasons that follow, the petition is DISMISSED.

23                                        **DISCUSSION**

24   **A.      Standard of Review**

25        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26   custody pursuant to the judgment of a state court only on the ground that he is in custody in

27   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose

28   v. Hodges, 423 U.S. 19, 21 (1975).

1    A district court shall "award the writ or issue an order directing the respondent to show

2    cause why the writ should not be granted, unless it appears from the application that the

3    applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

4    **B.    Petitioner's Claims**

5        Petitioner raises two claims in his federal habeas petition.  First, petitioner alleges that he

6    is being held beyond his maximum sentence.  On November 2, 1988, petitioner was sentenced in

7    state court to an indeterminate term of 11 years to life with the possibility of parole.  Although

8    difficult to understand, petitioner appears to be arguing that his sentence has been improperly

9    extended beyond March 27, 1996, which is the date the Department of Corrections calculated as

10   his projected maximum eligible parole date.

11       However, petitioner is not yet entitled to release.  Under California law, the duty to set

12   (or fix) a term of years for a life prisoner does not arise until after he is found suitable for parole.

13   See In re Dannenberg, 34 Cal. 4th 1061, 1070-71, 1096 (2005).  Where, as here, the life prisoner

14   has not been found suitable for parole, there is no obligation to set a term or a parole release

15   date.  See generally id. at 1070-71; 15 Cal. Code Regs. § 2403(a) ("[t]he panel shall set a base

16   term for each life prisoner who is found suitable for parole").

17       In addition, the question of whether petitioner's term should be fixed is a state law

18   matter.  Federal habeas relief is not available for an alleged state law error.  See Swarthout v.

19   Cooke, 562 U.S. 216, 219 (2011) (per curiam).  Petitioner cannot make a state law claim into a

20   federal one simply by labeling it "due process."  See Langford v. Day, 110 F.3d 1380, 1389 (9th

21   Cir. 1996).  Thus, the court dismisses this claim for failure to state a cognizable federal habeas

22   claim.

23       Petitioner's second claim is that the application of California's "Marsy's Law"

24   (Proposition 9), which was passed in 2008, violates the Ex Post Facto Clause.  Habeas is the

25   "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from

26   confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson,

27   544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not 'necessarily spell speedier

28   release,' however, suit may be brought under § 1983."  Skinner, 131 S. Ct. at 1293 (quoting

1   <u>Wilkinson</u>, 544 U.S. at 82).

2          After the Supreme Court's decision in <u>Skinner</u>, the Ninth Circuit concluded that an

3   inmate may bring a habeas action only if success on the claim would "necessarily spell speedier

4   release." <u>Nettles v. Grounds</u>, 788 F.3d 992, 1000 (9th Cir. 2015).  Habeas relief is therefore

5   proper when an inmate is seeking "termination of custody, acceleration of the future date of

6   release from custody, or reduction of the level of custody." <u>Id.</u> at 1007.

7          Here, petitioner claims that the increase of delays before subsequent parole eligibility

8   hearings pursuant to Marsy's Law violated his rights under the Ex Post Facto Clause.  Prior to

9   the passage of Marsy's Law, California Penal Code section 3041.5 provided for an initial parole

10  hearing and annual subsequent parole eligibility hearings, but allowed for longer periods

11  between parole hearings under certain conditions.  For example, the Board could schedule the

12  next hearing two years (or five years for a prisoner convicted of murder) after a hearing at which

13  parole was denied if the Board found it was not reasonable to expect that parole would be

14  granted the following year.  <u>See</u> Cal. Penal Code § 3041.5(b)(2)(B) (West 2008).  In 2008,

15  Marsy's Law amended section 3041.5 to lengthen the default periods for subsequent parole

16  hearings for all prisoners to whom that section applied.  As amended, section 3041.5 now

17  provides for a subsequent parole hearing to be scheduled in 3 to 15 years.  <u>See</u> Cal. Penal Code

18  3041.5(b)(3).

19         Therefore, even if petitioner were to successfully litigate this claim, it would not

20  "necessarily spell speedier release" from custody.  <u>Nettles</u>, 788 F.3d at 1001.  That is, success on

21  this claim would not terminate petitioner's custody, or necessarily accelerate the future date of

22  his release from custody, or reduce his level of custody.  <u>See id.</u> (citing <u>Skinner</u>, 131 S. Ct. at

23  1299 & n.13).  The result would only be a more immediate opportunity to be found eligible for

24  parole.  <u>Nettles</u> concluded, "To the extent our cases have indicated that the writ of habeas corpus

25  may extend to claims that, if successful, would merely be likely to or have the potential to lead to

26  a speedier release, they are superseded by the Supreme Court's rulings." <u>Id.</u>  Thus, petitioner's

27  second claim is DISMISSED for failure to state a cognizable federal habeas claim.

28                                          **CONCLUSION**

1    Petitioner's motion for reconsideration is GRANTED.  The Clerk shall re-open this case.

2   Upon initial screening of petitioner's petition, the court DISMISSES the petition for failure to

3   state a cognizable claim for relief.  The Clerk shall terminate all pending motions and close the

4   file.

5    For the reasons set out in the discussion above, petitioner has not shown "that jurists of

6   reason would find it debatable whether the district court was correct in its procedural ruling."

7   Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is

8   DENIED.

9    IT IS SO ORDERED.

10   DATED:  _9/23/2015_

RONALD M. WHYTE
United States District Judge